FILED
US DISTRICT COURT CLERK
WESTERN DISTRICT OF KY

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

14 AUG -1  PM 2: 39

| | |
|---|---|
| PATRICIA ANN TRUESDELL and<br>DARVIN A. HEIDER, individually and<br>on behalf of others similarly situated,<br><br>      **Plaintiffs,**<br><br>v.<br><br>LINK SNACKS, INC.,<br><br>      **Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>) CAUSE NO:  3:14-cv-551-S<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiffs, Patricia Ann Truesdell ("Truesdell") and Darvin A. Heider ("Heider") (together "Plaintiffs"), on behalf of themselves and on behalf of others similarly situated, bring this action against Link Snacks, Inc. ("Defendant") and show as follows:

### OVERVIEW

1.    Defendant has failed to pay Plaintiffs and those similarly situated to them in accordance with the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.   Specifically, Plaintiffs and other similarly situated employees were subject to Defendant's common business policy of refusing to properly pay overtime wages for all hours they worked in excess of 40 hours per workweek.   Plaintiffs bring this action pursuant to 29 U.S.C. § 216(b).

### PARTIES

2.    Truesdell is an individual who resides in Louisville, Kentucky.   She was employed by Defendant within the meaning of the FLSA within the three year period preceding the filing of this complaint.   At all times hereinafter mentioned, Truesdell was an individual employee who was engaged in commerce or in the production of goods for commerce as

required by 29 U.S.C. §§ 206-207.   Her written consent is attached as "Exhibit A."

3.      Heider is an individual who resides in San Antonio, Texas.   He was employed by Defendant within the meaning of the FLSA within the three year period preceding the filing of this complaint.   At all times hereinafter mentioned, Heider was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.   His written consent is attached as "Exhibit B."

4.      Defendant is a Wisconsin corporation.   Defendant acted, directly or indirectly, in the interest of an employer with respect to Plaintiffs and other similarly situated employees. Defendant is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

## JURISDICTION

5.      This Court has jurisdiction over Defendant because Plaintiffs have asserted a claim arising under federal law.

## VENUE

6.      Venue is proper in the Western District of Kentucky pursuant to 29 U.S.C. § 216(b).

## COVERAGE

7.      At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.

2

## FACTS

8.     Truesdell was employed by Defendant from March 2003 to October 2013. Truesdell was employed as a Retail Account Manager ("RAM") and as a Retail Account Manager II ("RAM II").

9.     As both a RAM and RAM II, Truesdell's primary job duty was merchandising.

10.     Truesdell's geographic area of responsibility as a RAM and RAM II was Kentucky.

11.     Defendant paid Truesdell via an annual salary along with certain performance-based bonuses.

12.     Defendant did not accurately track Truesdell's compensable work hours.

13.     Truesdell regularly worked in excess of 40 hours in a workweek.

14.     Defendant did not pay Truesdell overtime wages for all hours worked in excess of 40 in a workweek.

15.     Truesdell's primary work duty/duties did not qualify her as exempt from the overtime provisions of the FLSA.

16.     Heider was employed by Defendant from August 2001 to October 2013.   Heider was employed as a RAM.

17.     As a RAM, Heider's primary job duty was merchandising.

18.     Heider's geographic area of responsibility as a RAM was Southern Texas.

19.     Defendant paid Heider via an annual salary along with certain performance-based bonuses.

20.     Defendant did not accurately track Heider's compensable work hours.

21.     Heider regularly worked in excess of 40 hours in a workweek.

3

22.    Defendant did not pay Heider overtime wages for all hours worked in excess of 40 in a workweek.

23.    Heider's primary work duty/duties did not qualify him as exempt from the overtime provisions of the FLSA.

## COLLECTIVE ACTION FACTUAL ALLEGATIONS

24.    Defendant produces and distributes meat snacks throughout the country.

25.    Plaintiffs, as well as all current and former RAMs and RAM IIs (or their functional equivalents), did not perform work that would qualify them as exempt from the overtime requirements of the FLSA.

26.    Plaintiffs, as well as all current and former RAMs and RAM IIs (or their functional equivalents), were not paid overtime for all hours worked over 40 in a workweek.

27.    To the extent Plaintiffs, as well as all current and former RAMs and RAM IIs (or their functional equivalents), were compensated for all hours worked in excess of 40 in a workweek, Plaintiffs, as well as all current and former RAMs and RAM IIs (or their functional equivalents), were paid their base salary for said hours as opposed to not less than one and one-half times their base rate of pay.

28.    Plaintiffs are similarly situated to Defendant's RAMs and RAM IIs (or their functional equivalents) in that the common practice and policy of refusing to pay overtime at a rate of not less than one and one-half times their base rates affected all current and former RAMs and RAM IIs (or their functional equivalents) who worked for Defendant ("Members of the Class").

29.    Plaintiffs are similarly situated to the Members of the Class because they performed the same or similar job duties and were subject to Defendant's unlawful policy and

practice of refusing to properly pay overtime wages for work performed in excess of 40 hours in a workweek.

30.     Defendant's failure to pay overtime compensation as required by the FLSA results from a policy or practice applicable to Plaintiffs and the Members of the Class. Application of this policy or practice does not depend on the personal circumstances of Plaintiffs or those joining this lawsuit.   Rather, the same policy or practice that resulted in the non-payment and/or underpayment of overtime to Plaintiffs applied to all Members of the Class. Accordingly, the class is properly defined as:

**All current and former Retail Account Managers and Retail Account Manager IIs (or their functional equivalents).**

31.     Defendant knowingly, willfully, or with reckless disregard carried out their unlawful pattern or practice of failing to properly pay overtime compensation with respect to Plaintiffs and the Members of the Class.

**FAILURE TO PAY WAGES IN ACCORDANCE
ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT**

32.     During the relevant time period, Defendant has violated the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. § 206, 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours without compensating these employees for their employment in excess of forty hours per week at rates no less than one and one-half the regular rates for which they were employed.   Defendant has acted willfully in failing to pay Plaintiffs in accordance with the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and all employees similarly situated who join in this action demand:

a.      An Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiffs (and those who have joined in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs (and those who have joined in the suit);

b.      An Order awarding Plaintiffs (and those who have joined in the suit) the costs of this action;

c.      An Order awarding Plaintiffs (and those who have joined in the suit) their attorney's fees;

d.      An Order awarding Plaintiffs (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

e.      An Order granting such other and further relief as may be necessary and appropriate.


Respectfully submitted,



Andrew G. Jones (Indiana Bar #23020-49)
LAW OFFICE OF ANDREW G. JONES
10401 North Meridian Street, Suite 300
Indianapolis, Indiana 46290
Telephone:      (317) 616-3671
E-Mail:         ajones@andrewgjoneslaw.com

Attorney for Plaintiffs

6