UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

PATRICIA ANN TRUESDELL, et al., Plaintiffs,

v. Civil Action No. 3:14-cv-00551-DJH

LINK SNACKS, INC., Defendant.

* * * * *

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Patricia Truesdell and Darvin Heider allege that Defendant Link Snacks violated the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq., by failing to pay overtime wages to them and similarly situated employees. (Docket No. 1) Link Snacks has filed a motion to transfer venue from this Court to the United States District Court for the Western District of Wisconsin. (D.N. 15) Plaintiffs oppose this motion. (D.N. 18) For the reasons set forth below, the motion to transfer will be denied.

## I. BACKGROUND

Truesdell and Heider were employees of Link Snacks until October 2013. (D.N. 1, PageID # 1) Truesdell was employed as a Retail Account Manager (RAM), then as a Retail Account Manager II (RAM II), whereas Heider was employed as a RAM. (D.N. 2, PageID # 41) Their coverage areas were Kentucky and Southern Texas, respectively. (D.N. 3, PageID # 3) The Defendant, Link Snacks, is headquartered in Wisconsin. (D.N. 15, PageID # 49) Plaintiffs claim that Link Snacks violated the FLSA by categorizing their positions as "exempt" and thus failing to pay them overtime wages. (D.N. 1, PageID # 1)

## II. ANALYSIS

When considering a motion to transfer, the threshold question is "whether the action 'might have been brought' in the potential transferee venue." *Hilbert v. Lincoln Nat'l Life Ins. Co.*, No. 3:14-CV-565, 2015 U.S. Dist. LEXIS 29158, at *2 (W.D. Ky. Mar. 6, 2015) (quoting 28 U.S.C. § 1404(a)). Here, the parties do not dispute that this suit could have been filed in the Western District of Wisconsin. (D.N. 15, PageID # 51; D.N. 18)

When the threshold question is met, as it is in this case, the Sixth Circuit instructs this Court to "consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" *Hilbert*, 2015 U.S. Dist. LEXIS 29158, at *2 (citing *Moses v. Bus. Card Exp., Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991)). To adequately consider these interests, this Court must examine: "(1) the location of witnesses; (2) the parties' residences; (3) the location of evidence; (4) the location of events that gave rise to the suit; (5) [trial efficiency and the interest of justice]; and (6) plaintiff's choice of forum." *Id*. (citing *Pharmerica Corp. v. Crestwood Care Ctr., L.P.*, No. 3:12-CV-00511, 2013 U.S. Dist. LEXIS 138061, at *3 (W.D. Ky. Sept. 26, 2013)). Finally, the Sixth Circuit gives this Court "'broad discretion' to determine when party 'convenience' or 'the interest of justice' make[s] a transfer appropriate." *Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009) (citing *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994)).

The Court will evaluate each of the six criteria, taking into consideration that "the moving party must demonstrate that the balance of the factors weighs in favor of transfer" and that "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Hilbert*, 2015 U.S. Dist. LEXIS 29158, at *2; *Boiler Specialist, LLC*

*v. Corrosion Monitoring Servs.*, No. 1:12-CV-47, 2012 U.S. Dist. LEXIS 104321, at *6 (W.D. Ky. July 26, 2012).

**A. The Location of the Witnesses**

The location of the witnesses is recognized as "perhaps the most important factor in the transfer analysis." *Boiler Specialist*, 2012 U.S. Dist. LEXIS 104321, at *8 (citations omitted). However, not all witnesses are the same; "[i]t is the convenience of non-party witnesses . . . that is the more important factor and is accorded greater weight." *Id*. at *8–9 (citations omitted). This rule is predicated on the assumption that "witnesses within the control of the party calling them, such as employees, will appear voluntarily." *AmTRAN Tech. Co. v. Funai Elec. Co.*, No. 08-CV-740, 2009 U.S. Dist. LEXIS 35330, at *15 (W.D. Wis. Apr. 27, 2009) (citation omitted).

Here, Link Snacks anticipates that management and executive level corporate employees, who are all based in Minong, Wisconsin, will be called as witnesses. (D.N. 15, PageID # 53) Link Snacks also anticipates that "key human resources employees" who work in the Minneapolis office will be called as witnesses. (*Id*.) In addition to calling its own employees, Link Snacks anticipates calling former RAMs and RAM IIs. (*Id*.) Meanwhile, Plaintiffs anticipate that they "could call witnesses at the stores in which [Patricia Truesdell] worked, such as store managers and department managers, to corroborate her account of her daily activities and responsibilities." (D.N. 18, PageID # 137) There is no mention by Plaintiffs of any other potential witnesses.

Though most of the witnesses reside in or around Wisconsin, nearly all of those witnesses are party witnesses. Neither side clearly indicates which non-party witnesses it will call. Instead, each party offers vague descriptions such as "former RAMs and RAM IIs" and "store managers and department managers." Thus, this factor narrowly weighs in favor of transfer because most

witnesses reside in or near Wisconsin. However, the weight of this factor is diminished because the only witnesses clearly identified are employees of Link Snacks.

**B. The Parties' Residences**

"Convenience is generally a matter of the parties' physical location in relation to the plaintiff's choice of forum." *Boiler Specialist*, 2012 U.S. Dist. LEXIS 104321, at *7; *see also* Charles Alan Wright *et al.*, *Standard in Considering Transfer—Convenience of Parties*, 15 FED. PRAC. & PROC. JURIS. § 3849 (4th ed.) ("In determining the relative convenience of the different fora for each party, the court, not surprisingly, considers the residence of the parties."). "[T]ransfer will be refused if the effect of a change of venue would be merely to shift the inconvenience from one party to the other." Wright et al., *supra*, § 3849; *see also In re Nat'l Presto Indus.*, 347 F.3d 662, 665 (7th Cir. 2003) ("[W]hen the inconvenience of the alternative venues is comparable there is no basis for a change of venue; the tie is awarded to the plaintiff . . . .").

Here, two named plaintiffs reside in Kentucky and Texas. (D.N. 1, PageID # 2) There are four parties who have filed Consent to Become Party Plaintiff forms. (D.N. 18, PageID # 131) They reside in Louisiana, Alabama, and Indiana. (D.N. 15, PageID # 50) The Defendant, Link Snacks, is headquartered in Wisconsin. (D.N. 15, PageID # 49)

The current venue may inconvenience Link Snacks because the defendant has to travel from Wisconsin to Kentucky. However, if the venue were transferred to Kentucky, Plaintiffs would be similarly inconvenienced; they would have to travel from their chosen venue of Kentucky to Wisconsin. The Court is hesitant to shift the inconvenience from the Defendant to Plaintiffs and therefore views this factor as weighing against transfer.

**C. The Location of Evidence**

The location of documentary evidence is of diminishing importance. *See Nat'l Ass'n of Home Inspectors v. Nat'l Ass'n of Certified Home Inspectors*, No. 06-CV-11957, 2006 U.S. Dist. LEXIS 82150, at *34 (E.D. Mich. Oct. 31, 2006); Charles Alan Wright, *et al.*, *Standard in Considering Transfer—Books and Records*, 15 FED. PRAC. & PROC. JURIS. § 3853 (4th ed.).In this case, the parties dispute where the relevant evidence is located. Plaintiffs contend that the critical evidence is located in Kentucky. (D.N. 18, PageID # 137) Defendant asserts that the critical evidence is located in Wisconsin, where Link Snacks created and executed its employment policies—which categorized RAMs and RAM IIs as exempt employees—and keeps personnel files, timesheets, and similar documents. (D.N. 15, PageID # 54)

Though Plaintiffs fail to cite any tangible evidence at this time, the evidence that the Defendant cites should be in, or be easily converted to, electronic form. Thus, the location of evidence weighs neither in favor of nor against transfer.

**D. The Location of Events that Gave Rise to the Suit**

As with the location of evidence, the parties dispute the location that gave rise to the suit. Plaintiffs believe that the location of events is Kentucky and any other location in which a RAM or RAM II worked. (D.N. 18, PageID # 138) The Defendant, however, believes that the events giving rise to the suit were the creation and execution of the policy categorizing RAMs and RAM IIs as exempt. (D.N. 22, PageID # 234)

It is reasonable to assume that both the particularities of Plaintiffs' day-to-day tasks and the creation and execution of employment policies are relevant to a FLSA dispute. Thus, the Court finds that this factor weighs neither in favor of nor against either party.

**E. Trial Efficiency and the Interest of Justice**

The interest of justice "relates to the efficient administration of the court system." *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010). When considering this factor, courts look at "docket congestion and likely speed to trial in the transferor and potential transferee forums; each court's relative familiarity with the relevant law; the respective desirability of resolving controversies in each locale; and the relationship of each community to the controversy." *Id*. (citations omitted).

The Defendant asserts that this Court's docket is more congested than the docket of the Western District of Wisconsin. (D.N. 15, PageID # 58) In making this assertion, the Defendant points out that the median time interval for a case to be resolved in the Western District of Kentucky is 8.5 months, whereas the median time interval for a case to be resolved in the Western District of Wisconsin is 6 months. (D.N. 15, PageID # 58) The Court finds this current minor disparity uncompelling. Moreover, the Court is now familiar with this case. In addition to docket congestion, the Defendants contend that Wisconsin has a stronger relationship with the controversy because it is the only common link among all of the potential plaintiffs. (D.N. 22, PageID # 321) While this may prove to be true, it is premature to reach this conclusion and is ultimately not compelling.

The Court concludes that efficient administration of the court system will be accomplished if the case remains in this district and thus this factor weighs against transfer.

**F. Plaintiff's Choice of Forum**

While not dispositive, "the plaintiff's choice of forum should rarely be disturbed . . . unless the balance [of convenience] is strongly in favor of the defendant." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947); *see Pharmerica Corp.*, 2013 U.S. Dist. LEXIS 138061, at *4 (citing *Lewis*

*v. ACB Business Services, Inc.*, 135 F.3d 389, 413 (6th Cir. 1998)). Because the balance of factors is not strongly in favor of Link Snacks, the Court will not disturb Plaintiffs choice of forum here.

## III. CONCLUSION

Link Snacks has not "demonstrate[d] that the balance of factors weighs in favor of transfer." *Hilbert*, 2015 U.S. Dist. LEXIS 29158, at *2. Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that the motion to transfer venue (D.N. 15) is **DENIED**.

September 16, 2015

**David J. Hale, Judge**
**United States District Court**