UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

PATRICIA ANN TRUESDELL, et al.,                                          Plaintiffs,

v.                                                    Civil Action No. 3:14-cv-551-DJH

LINK SNACKS, INC.,                                                       Defendant.

* * * * *

## MEMORANDUM OPINION AND ORDER

Plaintiffs Patricia Truesdell and Darvin Heider allege that Defendant Link Snacks, Inc., violated the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq., by categorizing their positions as "exempt" and thus failing to pay them and other similarly situated employees overtime wages. (Docket No. 1) Plaintiffs have filed a Motion for Conditional Certification asking the Court to authorize them to notify similarly situated employees of this lawsuit pursuant to 29 U.S.C. § 216(b). (D.N. 16, PageID # 105) The defendant opposes the motion and has filed a motion for leave to file a surreply brief. (D.N. 21; D.N. 24) For the reasons set forth below, plaintiffs' Motion for Conditional Certification will be granted, while the defendant's motion for leave to file a surreply will be denied.

## I.    BACKGROUND

Truesdell and Heider were employees of Link Snacks until October 2013. (D.N. 1, PageID # 1) Truesdell worked as a Retail Account Manager (RAM), then as a Retail Account Manager II (RAM II), whereas Heider worked as a RAM. (D.N. 2, PageID # 41) By June 16, 2014, Link Snacks ceased to employ any RAMs or RAM IIs; this change resulted from reorganization efforts. (D.N. 21, PageID # 158) Plaintiffs allege that they and other RAMs and RAM IIs employed by Link Snacks "who worked in excess of forty (40) hours in a workweek within the

past three (3) years are similarly situated in that they were victims of a single policy, practice, or plan that resulted in unpaid overtime." (D.N. 17, PageID # 111) There are "approximately 79" RAMs and RAM IIs that meet the plaintiffs' criteria. (D.N. 21, PageID # 168) Plaintiffs ask the Court to conditionally certify this class and for permission to send notice of the certification to those 79 former RAMs and RAM IIs. (D.N. 16, PageID # 105)

## II.   ANALYSIS

### A.  Motion to File Surreply Brief

Link Snacks seeks permission to file yet another brief in opposition to plaintiffs' motion. It alleges that plaintiffs raised a new substantive argument in their reply brief when they contended that Sixth Circuit precedent applies in this case. (D.N. 23, PageID # 241; D.N. 24, PageID # 252) This is not, however, the first time that choice-of-law argument appears in briefing on this motion. In the defendant's response to the plaintiffs' Motion for Conditional Certification, the defendant stated that "Plaintiff's Motion for Conditional Certification repeatedly references Sixth Circuit precedent." (D.N. 21, PageID # 160) The defendant addressed these references by asserting that the law of Wisconsin, and thus Seventh Circuit precedent, applies. (D.N. 21, PageID # 160-61) The defendant bases their assertion on the inclusion of choice-of-law provisions in "multiple agreements with Link Snacks" that plaintiffs signed. (*Id.*) It is in response to this assertion by the defendant that plaintiffs argue that Sixth Circuit precedent applies. (*See* D.N. 23, PageID # 241) The Court concludes that the parties have sufficiently briefed this issue and will deny the defendant's motion to file a surreply.

### B.  Motion for Conditional Certification

The FSLA enables a plaintiff to bring a private action against an employer "for and in behalf of himself or themselves and other employees *similarly situated*." 29 U.S.C. § 216(b) (emphasis

added). The FSLA and case law fail to define the phrase "similarly situated." *Noble v. Serco, Inc.*, No. 3:08-CV-76, 2009 U.S. Dist. LEXIS 89709, at *3 (E.D. Ky. Sept. 28, 2009). Though the Sixth Circuit[1] has not defined "similarly situated," the Circuit has recognized that FLSA collective actions typically occur in two stages: conditional and final certification. *See O'Brien v. Ed Donnelly Enters.*, 575 F.3d 567, 583 (6th Cir. 2009). Conditional certification usually occurs prior to discovery, while final certification occurs "after discovery is completed." *Id*; *Noble*, 2009 U.S. Dist. LEXIS 89709, at *5.

Conditional certification is "by no means final." *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006). Because of the lack of finality, conditional certification "need only be based on a modest factual showing." *Id*. at 547 (quotations omitted). Thus, "the plaintiff's evidentiary burden at this stage is not a heavy one." *Noble*, 2009 U.S. Dist. LEXIS 89709, at *5. Here, the plaintiffs must simply show that there is a "reasonable basis for his claim that there are other similarly situated employees." *Id*. at *6 (citation omitted). Moreover, plaintiffs only need to be similarly situated, not identically situated, to the putative class members. *Id*. (citations omitted). Some courts require "nothing more than substantial allegations that the putative class members were together the victims of single decision, policy, or plan." *Id*. (citing *Thiessen v. Gen. Elec. Capital Corp*., 267 F.3d 1095, 1102 (10th Cir. 2001)). The Sixth Circuit, however, held that plaintiffs "need not show a unified policy of violations even at the final-certification stage." *Id*. (citing *O'Brien*, 575 F.3d at 584).

In this case, the two named plaintiffs shared a common title, RAM, until Link Snacks promoted Truesdell to RAM II. (D.N. 17-3; D.N. 17-4) As RAMs, plaintiffs had similar duties.

---

[1] Despite a suggestion to the contrary by the defendant, at this point the Court will apply Sixth Circuit precedent to interpret the FLSA.  *See, e.g.*, *Eckstein v. Balcor Film Investors*, 8 F.3d 1121, 1126 (7th Cir. 1993).

(*Id.*) Specifically, they were primarily engaged in merchandising. (*Id.*) Their stated responsibilities in their respective affidavits are nearly identical. (D.N. 17-3, PageID # 124; D.N. 17-4, PageID # 128) While their duties began to diverge after Truesdell's promotion, Truesdell's "job duties were the same as [her] tenure as a RAM with one exception – [she] had the additional responsibility of managing 4-5 accounts." (D.N. 17-3, PageID # 125)

The defendant also offers two affidavits from former RAMs and RAM IIs Christopher Bosch and Randy Kirkeby. (D.N. 21-2; D.N. 21-3) The defendant highlights slight differences in how Bosch and Kirkeby performed their job duties as compared to the plaintiffs. (D.N. 21, PageID # 167) For instance, Bosch's affidavit states that he "spent virtually 100% of [his] time engaged in selling-related activities." (D.N. 21-2, PageID # 222) Plaintiffs, on the other hand, state that their "regular job duties as RAM[s] did not require [them] to obtain commitments for additional purchases from customers or to make sales." (D.N. 17-3, PageID # 125; D.N. 17-4, PageID # 128) The Court does not view these two statements as irreconcilable. The plaintiffs only need to establish that they are similarly situated, not identically situated. *Noble*, 2009 U.S. Dist. LEXIS 89709, at *6. In every affidavit submitted by both parties, each former RAM or RAM II describes having similar responsibilities. For instance, each affidavit stated that the employee visited retailers daily, monitored stock levels, rotated stock, maintained in-store displays, and engaged in promotional activities. (D.N. 17-3, PageID # 124-25; D.N. 17-4, PageID # 128; D.N. 21-2, PageID # 221; D.N. 21-3, PageID # 226-27)

RAMs and RAM IIs also appear to have been subjected to the same policy. During the relevant period, Link Snacks employed approximately 79 RAMs and RAM IIs in 34 states. (D.N. 21, PageID # 157) The defendant acknowledges that they did not pay overtime wages to any RAMs or RAM IIs. (D.N. 14, PageID # 42) Additionally, in Bosch and Kirkeby's affidavits,

neither of them claims to have been paid overtime wages. (D.N. 21-2, PageID # 223; D.N. 21-3, PageID # 229)

Therefore, the Court finds that plaintiffs have met the initial, pre-discovery burden of establishing a reasonable basis that their proposed class consists of similarly-situated employees.

## C. Validity of Collective Action Waivers under the FLSA

Link Snacks attempts to limit the potential putative class members by contending that 39 of the 79 putative class members waived their right to be part of a collective action as part of a written acknowledgement that they were paid all compensation owed to them. (D.N. 21, PageID # 168) The Sixth Circuit, however, has determined that employees cannot normally waive their rights, either substantively or procedurally, under the FLSA. *Killion v. KeHE Distribs., LLC*, 761 F.3d 574, 590 (6th Cir. 2014) (citing *Boaz v. FedEx Customer Info. Servs., Inc.*, 725 F.3d 603, 606 (6th Cir. 2013)); *see also Id.* at 590-91 ("Congress has stated its policy that ADEA plaintiffs [and thus FLSA plaintiffs because the statutory language is identical] should have the opportunity to proceed collectively.") (quoting *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989)).

Therefore, at this point, it is premature to exclude putative class members who have signed a collective action waiver. Potential class members that signed a collective action waiver should be given the appropriate notice.

## III.    CONCLUSION

Plaintiffs have met the initial, pre-discovery burden for conditional certification. Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) Defendant's Motion for Leave to File Surreply Brief (D.N. 24) is **DENIED**.

(2) Plaintiffs' Motion for Conditional Certification (D.N. 16) is **GRANTED**. Within thirty (30) days from the entry of this Order, the parties shall meet and confer in an attempt to agree upon the proposed notice (D.N. 17-1) and consent form. (D.N. 17-2) The proposed notice and consent form shall be filed within forty-five (45) days of the entry of this Order. If the parties are unable to reach agreement on the form of the notice or consent, they must file a joint status report with the Court no later than the expiration of the forty-five (45) day deadline.