UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

PATRICIA ANN TRUESDELL, et al.                                              PLAINTIFFS,

v.                                                          Civil Action No. 3:14-cv-551-CRS

LINK SNACKS, INC.                                                              DEFENDANT

**MEMORANDUM OPINION AND ORDER**

  Plaintiffs Patricia Ann Truesdell and Darvin Heider brought this collective action under the Fair Labor Standards Act (FLSA) on behalf of themselves and others similarly situated, alleging that Defendant Link Snacks, Inc. refused to pay them overtime wages in violation of the FLSA. (*See* Docket No. 1) Link Snacks sought to have the action transferred to the Western District of Wisconsin. (D.N. 15) Link Snacks' motion to transfer was denied in a Memorandum Opinion and Order entered September 16, 2015. (D.N. 27) One week later, the plaintiffs' motion to conditionally certify a class was granted. (D.N. 28)

  Link Snacks has retained new counsel and the matter was transferred to the docket of the undersigned on an order of recusal.

  Link Snacks has filed a motion to reconsider both of the earlier decisions, arguing that the Court clearly erred in denying transfer and granting conditional certification. (D.N. 36) It contends that the Court wrongly ignored *Atlantic Marine Construction Co. v. U.S. District Court for the Western District of Texas*, 143 S. Ct. 568 (2013), which, according to Link Snacks, dictates transfer based on the presence of forum-selection clauses which are contained in severance and noncompetition agreements between Link Snacks and Plaintiffs Truesdell and Heider. (*See* D.N. 36-7) These clauses were mentioned in the initial briefs, but the argument for

1

their application which Link Snacks now makes differs from their original argument. In the earlier briefs, Link Snacks urged that the fact that the plaintiffs signed severance and noncompetition agreements providing for litigation in a Wisconsin forum rendered incredible the plaintiffs' contention that Wisconsin is an inconvenient forum. DN 7, PageID# 57-58; DN 22, PageID# 233-34. On motion for reconsideration, however, Link Snacks argues that the forum selection clauses should be given controlling effect under *Atlantic Marine*, and transfer should be denied only under extraordinary circumstances unrelated to the convenience of the parties. DN 37, PageID# 350, 353-54; DN 42, PageID# 400-402. But the forum-selection clauses upon which Link Snacks relies are irrelevant to this litigation, and *Atlantic Marine* is thus inapposite.

## I.  STANDARD

The Federal Rules of Civil Procedure do not explicitly provide for motions to reconsider. *Harman v. W. Baptist Hosp.*, No. 5:12-CV-159-TBR, 2014 WL 5439297, at *8 (W.D. Ky. Oct. 22, 2014). However, courts generally treat such motions as motions to alter or amend under Rule 59(e). *Id.* A motion to alter or amend is "extraordinary in nature and so should only be granted sparingly." *Gesler v. Ford Motor Co.*, 185 F. Supp. 2d 724, 729 (W.D. Ky. 2001) (citing *Plaskon Elec. Materials v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995)). A Rule 59 motion "should not be used…to restyle or rehash the initial issues." *Harman, supra.* at *3. Relief is appropriate under Rule 59(e) in four circumstances: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)).

## II. ANALYSIS

Link Snacks urges that the Court's decision declining to transfer the case was premised on a clear error of law. However, Link Snacks did not, in fact, initially offer the argument it now puts forth. Indeed, Link Snacks acknowledged in its original briefs that the forum-selection clauses *are not* dispositive. (*See* D.N. 22, PageID # 234 ("Defendant *is not* arguing that the forum selection clauses require a transfer."); *see also* D.N. 15, PageID # 55 ("By voluntarily agreeing to Wisconsin forum selection provisions multiple times, Plaintiffs effectively waived any argument at this time that Wisconsin is an inconvenient forum.")) But now Link Snacks contends that the agreements "apply to 'any and all claims for compensation . . . [and] attorney's fees and costs,'" (D.N. 42, PageID # 401 (quoting D.N. 36-2, PageID # 327; D.N. 36-4, PageID # 339)), and should be given controlling weight in the analysis. In their original briefs, it argued for a § 1404 convenience transfer where it pointed to forum selection clauses in various agreements signed by the plaintiffs as an indication that the plaintiffs would not be disserved by transfer to Wisconsin as the plaintiffs urged. However, this was merely one factor discussed by Link Snacks and was given short shrift. Link Snacks now urges a different analysis premised squarely upon the *Atlantic Marine* construct, suggesting that the parties' agreement to a Wisconsin forum should be enforced, unless the plaintiffs establish that an extraordinary ground exists that counsels against transfer.

Link Snacks does not appear to have identified a "clear error of law" warranting reconsideration. Rather, its motion proposes a new argument. To be clear, Link Snacks *cited Atlantic Marine* in their opening brief on transfer. However, *the argument now asserted did not accompany that citation*. The court cannot have missapplied the law to an argument that was not made.

In any event, as Link Snacks cited *Atlantic Marine*, but the court chose in its earlier opinion not to apply it, we will elaborate upon the reasons that the case is inapplicable.

### A.  Motion to Transfer

Link Snacks argues that *Atlantic Marine* demands automatic deference to the forum-selection clauses contained in agreements voluntarily executed by the Plaintiffs. (*See* D.N. 36-7, PageID # 365-68).

The Supreme Court concluded in *Atlantic Marine* that a valid forum-selection clause should be given effect except in rare cases where the party violating the clause can show that public-interest factors weigh against transfer. *See* 134 S.Ct. at 582-83. It reasoned:

> When parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations. A forum-selection clause, after all, may have figured centrally in the parties' negotiations and may have affected how they set monetary and other contractual terms; it may, in fact, have been a critical factor in their agreement to do business together in the first place. In all but the most unusual cases, therefore, "the interest of justice" is served by holding parties to their bargain.

*Id.* at 583.

Thus, *Atlantic Marine* would apply if the parties agreed to forum selection clauses which apply to their disputes. In *Atlantic Marine*, the forum-selection clause applied because the clause was found in the subcontract that was the subject of the parties' dispute, and was therefore given deference. *See Id.* at 575-76, 583. Here, by contrast, the contracts containing forum-selection clauses, an agreement styled "Additional Terms of Employment" (referred to by the parties herein as the "noncompetition agreement") and an agreement styled "Separation Agreement and General Release" (referred to as the "severance agreement"), do not apply to Plaintiffs' claims.

1. Noncompetition Agreement

Section 12(e) of the noncompetition agreement signed by Plaintiffs Truesdell and Heider and, arguably other Link Snacks employees[1] states that "[a]ny lawsuit or dispute arising from this Agreement shall be litigated in the Circuit Court of Washburn County, Wisconsin, or the United States District Court whose jurisdiction includes Washburn County, Wisconsin, as applicable.  This Agreement shall be construed in accordance with the laws of the State of Wisconsin." (D.N. 36-3, PageID # 335; *see also* D.N. 36-5, PageID # 347).  This agreement addressed matters of non-solicitation, confidentiality, at-will employment status, ownership of intellectual property, non-competition, return of company property and the like.  By its own terms, the forum selection clause applies only to "[a]ny lawsuit or dispute arising from this Agreement…"  As none of the provisions of that Agreement are in dispute, the forum selection clause in the noncompetition agreement has no applicability to this action.

2. Severance Agreements

Link Snacks has established[2] that fifty-seven of the approximately seventy-nine Regional Account Manager and Regional Account Manager II employees accepted severance packages during the period of Link Snacks' reorganization.  There were two forms of severance agreement signed by various employees.  Plaintiffs Truesdell and Heider signed version #1 of the agreement.  Sixteen other employees signed this same agreement.  Four former employees have "opted in" and filed consents to join this case:  Richard Lynn Bailey, Michael D. Sergeant, Richard Warren, and Gordon Fritts.  Bailey and Sergeant signed version #2 of the agreement, as

---

[1] Not much is discussed about the noncompetition agreement.  We need not delve into this document in any greater detail as it is clearly irrelevant to the matters in this case.
[2] See, Second Declaration of Candace Lee, Vice President of Human Resources for Link Snacks.  D.N. 21-1, PageID # 175-219.

5

did thirty-seven other employees. Link Snacks does not indicate which version of the agreement was signed by Warren or Fritts.

>Version #1 of the Severance Agreement provided:
>
>**12.** <u>**Governing Law.**</u> This Agreement and the rights and obligations of the Parties hereunder will be governed by and construed under the laws of the State of Wisconsin, irrespective of its conflicts of laws provisions. Any action with regard to this Agreement shall be brought in the Circuit Court for Washburn County, Wisconsin or in the U.S. District Court for the Western District of Wisconsin, and the parties shall submit themselves to the jurisdiction of these courts.

(D.N. 36-2, PageID # 329; *see also* D.N. 36-4, PageID # 341.

This clause pertains only to actions "with regard to" the Severance Agreement. (D.N. 36-2, PageID # 329; D.N. 36-3, PageID # 335) The Agreement purports to release all claims against Link Snacks. However, nothing suggests that the clauses encompass FLSA claims. Indeed, FLSA claims cannot be waived. *Boaz v. FedEx Customer Info. Servs.*, 725 F.3d 603, 606 (6th Cir. 2013) (citing *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 114 (1946); *Jewell Ridge Coal Corp. v. Local No. 6167, United Mine Workers of Am.*, 325 U.S. 161, 167 (1945)). Therefore, any provision in any of Link Snacks' Severance Agreements attempting to preclude an FLSA claim is a nullity.

Therefore, version #1 of the Severance Agreement has no applicability in this case, and the forum selection clause contained therein does not afford any controlling weight in the transfer analysis.

In addition to purporting to release all claims, Version #2 of the Severance Agreement contains a provision that purports to waive "any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multiparty action or proceeding based on [any] claim [not subject to release] in which the Company or any other Releasee identified in this Agreement is a party." D.N. 21-1, PageIN #

6

213. Link Snacks' Twenty Fourth Defense to the Complaint states the "Plaintiffs' claims are barred to the extent their severance agreements waived the procedural ability to bring claims as part of a class or collective action." D.N. 14, PageID # 46.[3] Thus Link Snacks has asserted that this provision is related to the claims herein.  However, we note that Version # 2 does not contain a forum selection clause.  Rather, it merely states that the agreement will be governed and conformed in accordance with the laws of the State of Wisconsin, "without regard to Wisconsin's conflicts of laws provisions…" D.N. 21-1, PageID # 215.

As Version # 2 of the Severance Agreement does not contain a forum selection clause, *Atlantic Marine* is inapposite.

### 3.  Conclusion Concerning Transfer

In short, *Atlantic Marine* thus does not require deference to any forum selection clause identified by Link Snacks in this case, and the Court did not err in applying the public- and private-interest factors to determine whether transfer was appropriate.

### B.   Motion for Conditional Certification

Link Snacks has not shown that the Court's decision to grant conditional certification was in error.  Link Snacks primarily argues that the Court should withdraw its decision on the conditional-certification issue because the case should have been transferred to the Western District of Wisconsin and application of Seventh Circuit law would have resulted in denial of the motion. (D.N. 36-7, PageID # 369, 371-72; D.N. 42, PageID # 399-400)  Since the Court's decision on the motion to transfer stands, this argument fails.

---

[3] While this defense is contained in the Answer to Truesdell and Heider's Complaint, this provision is not in Version #1 of the Severance Agreement.  Thus it would not appear to impede their ability to bring the action.  It's impact on "opt in" plaintiffs who signed Version #2 remains an open question at this time.

Link Snacks also contends that the Court applied the wrong standard in addressing the motion for conditional certification. Specifically, Link Snacks asserts that the Court should have subjected the plaintiffs to an intermediate standard of proof because the parties had engaged in discovery. (D.N. 36-7, PageID # 370-71) The only "discovery" it cites, however, are attachments to the motion for conditional certification and its response to that motion. (*See* D.N. 42, PageID # 399) The plaintiffs vehemently deny that any discovery has taken place, and Link Snacks concedes that "the parties have not served formal discovery requests." (D.N. 42, PageID # 399; *see* D.N. 38, PageID # 377)

In the litigation context, "discovery" means "compulsory disclosure, at a party's request, of information that relates to the litigation." *Black's Law Dictionary* (10th ed. 2014). Link Snacks cites a single case in support of its contention that declarations submitted with a motion (or a response to a motion) constitute discovery. (D.N. 42, PageID # 399 (citing *Boelk v. AT&T Teleholdings, Inc.*, No. 12-cv-40-bbc, 2013 WL 261265, at *14 (W.D. Wis. Jan. 10, 2013))) In that case, however, "the record contain[ed] several declarations from field technicians, depositions of all six named plaintiffs, depositions of two individuals who consented to opt in should a class be certified, and a Fed. R. Civ. P. 30(b)(6) deposition by plaintiffs." *Boelk*, 2013 WL 261265, at *14. Based on the "significant discovery" that had been conducted in *Boelk*, the court concluded that "it [was] appropriate to apply more scrutiny to plaintiffs' claim than would normally be applied at the conditional certification stage." *Id.* The handful of declarations and affidavits in the record here—provided not in response to another party's request but in support of the parties' own filings—easily distinguish this case from *Boelk* and do not warrant application of a heightened standard of proof. *Cf. Brodzenski v. Stonemor Partners, L.P.*, No.

8

1:14-cv-2517, 2015 U.S. Dist. LEXIS 68990, at *4-5 (N.D. Ohio May 28, 2015) (declining to apply elevated standard where parties disagreed regarding extent of discovery conducted).

### III. CONCLUSION

Link Snacks has not shown that the Court's denial of the motion to transfer was clearly erroneous. Nor has it shown that the decision to grant conditional certification was in error.

Therefore, motion having been made and for the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that Defendant Link Snack, Inc.'s Motion for Reconsideration (D.N. 36) is **DENIED**.

January 7, 2016

**Charles R. Simpson III, Senior Judge
United States District Court**

9