UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| PATRICIA ANN TRUESDELL and DARVIN A. HEIDER, individually and on behalf of others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) CAUSE NO: 3:14-cv-551-CRS ) |
| LINK SNACKS, INC., | ) ) |
| Defendant. | ) ) |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT**

Plaintiffs Patricia Ann Truesdell and Darvin A. Heider, individually and on behalf of others similarly situated, and Defendant Link Snacks, Inc., by their respective counsel, jointly petition this Court for entry of an Order approving the settlement of this action. In support thereof, the parties state as follows:

1. On August 1, 2014, Patricia Ann Truesdell and Darvin A. Heider, individually and on behalf of other similarly situated employees, filed the instant action against Link Snacks, Inc. alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et seq.

2. The instant action was filed as a putative Collective Action pursuant to Section 216(b) of the FLSA. On September 22, 2015, the Court issued a Memorandum Opinion and Order granting Plaintiffs' Motion for Conditional Certification and for Notice to Potential Plaintiffs of the collective action. On January 7, 2016, the Court issued a Memorandum Opinion and Order denying Defendant's Motion for Reconsideration of the September 22, 2015 Memorandum Opinion and Order.

3. Eighteen (18) individuals timely consented to become members of the collective action, including Patricia Ann Truesdell and Darvin A. Heider. Under the terms of the proposed settlement, all 18 of these individuals will be eligible to receive some compensation.

4. The parties, through their respective counsel, have carefully and exhaustively engaged in settlement negotiations, culminating with an agreement to settle the Collective Action, subject to approval of the Court, which was reached during a mediation session on October 31, 2017. A copy of the Collective Action Settlement and Release Between Plaintiffs and Defendant (the "Agreement") is being filed under seal contemporaneously with this motion in accordance with the Court's March 2, 2018 Order Granting Defendant's Unopposed Motion to File Settlement Agreement Under Seal.

5. Under common law, settlements of FLSA claims must be approved by a Court of competent jurisdiction. See, e.g., Barr v. Cleveland Metroparks, 2018 WL 692025 (N.D.Ohio February 2, 2018), *slip copy*, citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-53 (11th Cir. 1982).

6. Pursuant to the terms of the Agreement, Link Snacks, Inc. shall pay compensation and liquidated damages to Patricia Ann Truesdell, Darvin A. Heider, and the sixteen (16) other individuals who elected to participate in the Collective Action ("Opt-In Plaintiffs"), using a common formula to determine each individual's share of the settlement proceeds. Said formula was based on the number of weeks during which each Opt-In Plaintiff was employed by Link Snacks, Inc. using a two (2) year statute of limitations period.

7. Pursuant to the terms of the Agreement, three (3) Opt-In Plaintiffs who were not employed for any weeks during their two (2) year statute of limitations period (Karen Heidrick, Kim M. Peck, and Mark L. Smith) will receive a lump sum payment. Patricia Ann Truesdell and

Darvin A. Heider, as the named plaintiffs in the Collective Action, will each receive an additional lump sum payment, which reflects compensation for the time and effort Ms. Truesdell and Mr. Heider have devoted to litigating the Collective Action during the time period August 1, 2014 – present including, but not limited to, physically attending the October 31, 2017 mediation in Minneapolis, Minnesota. The remainder of the settlement funds will then be divided on a *pro rata* basis among the fifteen (15) individuals who were employed for one or more weeks during their two (2) year statute of limitations period with each such individual receiving a *pro rata* share based on the number of weeks they were employed by Defendant during their two (2) year statute of limitations period.

8. Pursuant to the terms of the Agreement, Plaintiffs' counsel shall be paid a set amount as reasonable attorney's fees and costs. In arriving at this figure, and in order to facilitate settlement, Plaintiffs' counsel agreed to limit the amount of attorney's fees and costs to those incurred through the date on which formal settlement discussions began (January 19, 2017). As such, all attorney's fees and costs incurred from January 20, 2017 – present, including the attorney's fees and costs incurred as a result of the October 31, 2017 mediation in Minneapolis, Minnesota, plus those incurred, and expected to be incurred, in finalizing and administering the settlement, were excluded from the negotiated lump sum attorney's fees and costs amount. However, pursuant to the parties' agreement, the attorney's fees and costs to be paid to Plaintiffs' counsel are inclusive of all fees and costs that have been, and will be, incurred in representing Patricia Ann Truesdell, Darvin A. Heider, and the Opt-In Plaintiffs in this matter from its investigation through Court approval, administration, and completion of the settlement.

9. The settlement was negotiated at arm's length by experienced counsel concerning *bona fide* disputes between their clients with respect to potential liability and damages pursuant

the FLSA.  Furthermore, the parties engaged an experienced mediator, Robert Reinhart of Reinhart Mediation, LLC in Saint Paul, Minnesota, in order to assure the settlement would represent a fair, just, and adequate compromise of the various issues in this case.

10. Additional factors indicating fairness are present, including the fact that the parties' counsel thoroughly investigated the issues; the parties conserved substantial time and expense that would have been expended in the event of formal discovery, dispositive motions, and/or trial; and the class members have avoided a much longer wait before they received any compensation ultimately found due to them by settling the case at this stage of the proceedings.

WHEREFORE, the parties believe the settlement is a fair and reasonable resolution of the disputed issues and should be approved by the Court through the entry of the proposed Order.

Respectfully submitted,

 s/ Andrew G. Jones
Andrew G. Jones (admitted *pro hac vice*)
LAW OFFICE OF ANDREW G. JONES
9465 Counselors Row, Suite 200
Indianapolis, IN 46240
Telephone: (317) 616-3671
E-Mail: ajones@andrewgjoneslaw.com

Attorney for Plaintiffs

 s/ David A. James
Joseph G. Schmitt (pro hac vice)
David A. James (pro hac vice)
NILAN JOHNSON LEWIS PA
120 South Sixth Street, Suite 400
Minneapolis, MN 55402
Telephone: (612) 305-7500
E-mail: jschmitt@nilanjohnson.com
          djames@nilanjohnson.com

John S. Reed
Rebecca A. Naser

REED WEITKAMP SCHELL & VICE PLLC
500 West Jefferson Street, Suite 2400
Louisville, KY 40202
Telephone: (502) 589-1000
E-Mail: jreed@rwsvlaw.com
rnaser@rwsvlaw.com

Attorneys for Defendant

5